UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARIO E. SMITH,

        Plaintiff,

        v.                                    Case No. 18-cv-1300

CHAD COOKE,

        Defendant.

## DECISION AND ORDER

Plaintiff Mario E. Smith, who is representing himself, filed this action under 42 U.S.C. § 1983, alleging that his civil rights were violated. Smith is proceeding on a failure-to-protect claim against defendant Correctional Sergeant Chad Cooke. Currently before the court is Cooke's motion for summary judgment, which is fully briefed and ready for the court's decision. ECF No. 24.

## BACKGROUND

At the outset, the court notes that Cooke, in his reply brief, objects to Smith's response to his summary judgment motion because it fails to follow Fed. R. Civ. Pro. 56 or Civil L.R. 56. District courts are entitled to construe *pro se* submissions leniently and may overlook a plaintiff's noncompliance by construing the limited evidence in a light most favorable to the plaintiff. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). The court recognizes that Smith's response, including fellow inmate Remo Daniels' declaration, does not formally comply with the rules. However, Smith's response contains substantively sufficient facts, allowing the court to rule on the defendant's summary judgment motion. His response brief directly addresses Cooke's

declaration and proposed findings of fact. ECF No. 30. By invoking 28 U.S.C. § 1746, Smith adds legitimacy to the facts contained in his response by declaring under penalty of perjury that all the details included are true and correct. Smith also invokes 28 U.S.C. § 1746 in his complaint, which is enough to convert the complaint and the other submissions into affidavits for the purposes of summary judgment. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 954–55 (7th Cir. 2011). As such, the court will consider the information contained in Smith's submissions where appropriate in deciding Cooke's motion.

**A. Smith's Version of the Events of June 22, 2018 and June 27, 2018**

On June 22, 2018, Smith states that his cell mate at Green Bay Correctional Institution (GBCI), Remo Daniels, was setting fires inside their cell. According to Smith, when Cooke was conducting rounds, he stopped and asked Daniels what he was burning. Daniels told him he was burning paper. When Cooke asked why, Daniels responded, "I'm burning the evil spirits." ECF No. 1 at 2. While they were having this conversation, Smith states he told Cooke that he could not breathe. He further states that Cooke ignored him and continued his conversation with Daniels. He did not arrange for Smith to go to the Health Services Unit (HSU). At the end of the conversation, Smith asserts that Cooke told Daniels that he was going to inform the supervisor about the fires. At some point shortly thereafter, Cooke came back and said the supervisor was handling a situation in the segregation unit but would come speak to Daniels after that. Cooke states that the supervisor never came, and no one took any action regarding Daniels' fires, including removing either Daniels or Smith from the cell or disciplining Daniels.

Then on June 27, 2018, Daniels again started setting fires. The only response to the fires was that the "C.O. on third shift in the B-tier North cell hall" (not a defendant) brought Daniels cleaning supplies. *Id.* at 3. Other than that, he states that no one at GBCI took any action regarding

2

the fires, including removing either Smith or Daniels from the cell or otherwise disciplining Daniels.

Smith also submitted an unsworn declaration from his cell mate, Remo Daniels. ECF No. 32. In it, Daniels states under penalty of perjury that he set fires on June 22, 2018 and June 25, 2018. He also asserts that he was not disciplined for the fires or removed from the cell. He further states that he told Cooke about the fires and that Smith "complained with ICE." *Id.*

### B. Cooke's Version of the Events of June 22, 2019 and June 27, 2018

Cooke states that he remembers having a conversation with Daniels on June 22, 2018, but that the conversation was a follow-up conversation concerning issues Daniels and Smith were having as cell mates. According to Cooke, he did not see any traces of fire in the cell nor did he smell any smoke. He states that, had he seen evidence of a fire, he would have recorded it in the logbook pursuant to GBCI procedure.

Cooke also asserts that Smith never told him he was having trouble breathing. If he had, Cooke states he would have notified HSU. Cooke also says that the "record shows that *Daniels* never wrote a health services request complaining about any issues related to trouble breathing or any other symptoms from fire in his cell." ECF No. 26 at ¶ 16 (emphasis added).

Cooke asserts he spoke to the unit supervisor about Smith and Daniels' relationship. The unit supervisors subsequently monitored Smith and Daniels and found no issues. Regarding the events of June 27, 2018, Cooke asserts—and Smith does not dispute—that Cooke was not on duty that day. *Id.* at ¶ 14; ECF No. 30 at 3, ¶ 10.

### LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

3

Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Smith is suing Cooke based on his allegations that Cooke was deliberately indifferent to his safety by failing to protect him from fires set by his cell mate, Daniels. Prison officials are liable for failing to protect an inmate from the actions of another inmate "only if the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This has a subjective and objective component. *Id.* First, the harm to which the inmate was exposed "must be an objectively serious one." *Id.* Second, the prison official "must have actual, and not merely constructive, knowledge of the risk in order to be held liable." *Id.*

4

In this case, there are two separate (but related) alleged instances of fire—the fires set on June 22, 2018 and the fires set on June 27, 2018. Regarding the June 27 fires, it is undisputed that the only named defendant in this case, Cooke, was not on duty that day. Also, Remo Daniels attested in his unsworn declaration that he set fires on June 22 and June 25. Thus, no reasonable jury could conclude that there was a genuine issue of material fact as to whether Cooke failed to protect Smith from the June 27 fires. As such, the court will grant summary judgment in favor of Cooke with respect to the June 27 fires.

Regarding the June 22 fires, there is a genuine issue of material fact as to whether Smith was exposed to an objectively serious harm that Cooke actually knew about and ignored. First, the parties dispute whether the fire even occurred. Disputing the existence of the objectively serious harm in and of itself is a genuine issue of material fact. Smith states that Daniels was setting fires, and the fires were serious enough that it was causing him respiratory issues. Daniels, himself, confirms that he was setting fires. Cooke states that he saw no evidence of fires and that if he did, he would have recorded it in the logbook. A lack of records does not conclusively demonstrate that the fire never occurred. There may be many reasons that Cooke did not record the events in the logbook. Smith contends it is because Cooke was intentionally ignoring the fires, but it could also be negligence or mere forgetfulness on the part of Cooke. This is exactly the type of question upon which a factfinder must make a credibility determination. Thus, when the facts are taken in a light most favorable to Smith, a reasonable jury could find that the fires occurred.

Cooke also does not adequately argue that, even if there was a fire, it could not have been objectively serious in this instance. A fire in a locked cell could constitute a serious risk of harm and failing to release an inmate from a burning cell would clearly violate an inmate's most basic

5

constitutional rights. *Smith v. Jones*, No. 11-cv-189, 2012 WL 5381222 at *5–6, (N.D. Ill. Oct 31, 2012). The court does not have details regarding the fires Daniels was setting, such as the type of paper he was using, where he was putting the burning paper, and how he was lighting the paper on fire. If a fire did occur, then there still is a question of material fact as to whether the fire was objectively serious. Smith's allegation that he could not breathe and that he thought the sprinklers would go off is enough to create a material issue of fact as to this issue.

Even if everyone agreed that cell fires are, in and of themselves, objectively serious, and a cell fire did in fact occur, there is also a genuine dispute of material fact as to whether Cooke actually knew of and disregarded the excessive risk. Cooke could be held liable where Smith can "show that the defendant knew of a serious risk of harm to him and failed to take reasonable action to prevent that harm." *Whitelaw v. Foster*, No. 16-cv-982, 2018 WL 324890, at *3 (E.D. Wis. Jan. 8, 2018). Smith states, and Daniels corroborates, that he told Cooke he was having trouble breathing because of the smoke. Smith also states that Cooke intentionally ignored him. Cooke asserts that Smith did not tell him about his breathing trouble. The only evidence Cooke relies on is his assertion that if Smith had told him, Cooke would have sent him to HSU and that would have been recorded pursuant to GBCI policy and procedure. Cooke also, confusingly, offers as evidence the fact that *Daniels* never submitted a request to go to HSU or complained about breathing issues. ECF No. 26 at ¶ 16.[1] Regardless, a reasonable factfinder cannot rely solely on a lack of records to conclusively determine that Smith never complained to Cooke about his respiratory issues. Thus, when taking the facts in the light most favorable to Smith, a reasonable jury could find that Smith did inform Cooke of his respiratory issues and Cooke ignored Smith.

---

[1] The court notes that in the argument section of his brief in support of summary judgment, Cooke asserts that it was Smith who never submitted an HSU request, contrary to what he asserts in the facts section and his proposed findings of fact. ECF No. 25 at 8.

6

Cooke also argues that as a matter of law Smith cannot meet his burden to show Cooke failed to protect him because there is no evidence that Smith was threatened by Daniels. Cooke claims that because the evidence does not demonstrate Daniels threatened Smith with harm, he cannot show that Cooke knew Smith faced a specific, credible, and imminent risk of harm. ECF No. 25 at 6. This argument misses the point. This is not a case where the plaintiff is claiming that prison staff failed to protect him from being attacked by another inmate despite knowing about a history of threats from that inmate. This is a case where an inmate was allegedly engaging in inherently dangerous behavior and prison staff failed to address that behavior. Daniels' behavior does not need to be specifically directed at anyone to qualify as objectively serious, so Daniels' intentions for setting the fires are irrelevant.

What matters is whether Smith was exposed to an objectively serious harm, whether Cooke knew about the exposure, and whether he did anything about it. Based on the evidence before the court, all of these are still open questions of material fact. In other words, considering the facts in a light most favorable to Smith, a reasonable jury could conclude that Smith was exposed to a fire, that the fire was objectively serious, and that Cooke failed to protect Smith from the fires. The court will deny summary judgment on the failure-to-protect claim related to the fires allegedly set on June 22, 2018.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the defendant Chad Cooke's motion for summary judgment (ECF No. 24) is **GRANTED** as to the failure-to-protect claim related to the alleged fires of June 27, 2018 and **DENIED** as to the failure-to-protect claim related to the alleged fires of June 22, 2018.

The court will set a status conference to discuss the next steps on Smith's failure-to-protect claim related to the alleged fires of June 22, 2018.

Dated in Green Bay, Wisconsin this 3rd day of February, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court