UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARIO E. SMITH,

        Plaintiff,

     v.                             Case No. 18-C-1300

CHAD COOKE,

        Defendant.

## DECISION AND ORDER

Plaintiff Mario Smith filed this action under 42 U.S.C. § 1983, alleging that his civil rights were violated. Smith was permitted to proceed on his claims that Cooke failed to protect him from fires in his cell on June 22 and 27, 2018. On February 3, 2020, the court granted Cooke's motion for summary judgment as to the failure to protect claim related to the alleged June 27, 2018 fire but denied the motion as to the failure to protect claim related to the June 22, 2018 fire. Although the matter was scheduled for trial to begin on October 29, 2020, the court adjourned the trial in light of concerns related to the COVID-19 pandemic on October 2, 2020. The court has decided to reconsider, *sua sponte*, its earlier decision denying-in-part Cooke's motion for summary judgment. Upon further consideration, the court grants Cooke's motion for summary judgment in its entirety and dismisses the case.

In his complaint, Smith alleged that, on June 22, 2018, Remo Daniels, Smith's cellmate at Green Bay Correctional Institution, was setting fires in his cell. According to Smith, when Cooke was conducting rounds, he stopped and asked Daniels what he was burning. Daniels told Cooke that he was burning paper to "burn[] the evil spirits." Dkt. No. 1 at 2. Smith alleges that, during

this conversation, Smith told Cooke that he could not breathe, but Cooke ignored him and continued his conversation with Daniels. Cooke then indicated that he would inform his supervisor about the incident, and they would come back to address the issue. Cooke returned to Smith's cell and advised that there was a disturbance in the segregation unit and that the Captain would come to address Daniels' behavior after the incident was controlled. *Id.* at 3. Smith claims no one returned and that Daniels continued to light fires until he went to bed. Based on these allegations, the court allowed Smith to proceed on a failure to protect claim against Cooke.

Smith has since told a different story about the incident that occurred on June 22, 2018, in his response to Cooke's motion for summary judgment. Rather than attempt to reconcile the two versions of events Smith has presented, the court will only consider the version asserted in his sworn declaration filed in response to Cooke's motion for summary judgment. Dkt. No. 30. According to the undisputed proposed findings of fact, on June 22, 2018, when Cooke was doing his regular rounds, he stopped at Smith and Daniels' cell. He saw Daniels sitting on the edge of his bunk and appeared to be watching television. Cooke followed up with Daniels regarding a previous conversation he had with Daniels about Daniels and Smith not getting along. Def.'s Proposed Findings of Fact (DPFOF) ¶ 4, Dkt. No. 26. Although Cooke asserts that Smith also appeared to be watching television during his conversation with Daniels, *id.*, Smith declares that he was wrapping his television because he was concerned that the cell's sprinkler was going to go off and was watching Cooke and Daniels to see if Cooke could smell the recent smoke. Smith Decl. at 1, Dkt. No. 30. Smith does not dispute that at no time during his conversation with Daniels did Cooke see a flame or ember or smell smoke. DPFOF ¶ 5. Instead, he declares that he told Cooke he could not breathe but Cooke and Daniels kept talking. Smith Decl. at 1. He asserts he was ignored and was not sent to the Health Services Unit. *Id.* at 2. Cooke does not recall having

a conversation with Smith. DPFOF ¶ 4. After he left Smith and Daniels' cell, Cooke informed the unit supervisor about his conversation with Daniels, and Cooke was asked to keep an eye on Daniels. *Id.* ¶ 11. When Cooke returned to the cell later, both Smith and Daniels were sleeping. *Id.* ¶ 12.

Smith was permitted to proceed on his claim that Cooke was deliberately indifferent to his safety by failing to protect him from a fire Daniels started in their cell. Prison officials are liable for failing to protect an inmate from the actions of another inmate "only if the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This has a subjective and objective component. *Id.* First, the harm to which the inmate was exposed "must be an objectively serious one." *Id.* Second, the prison official "must have actual, and not merely constructive, knowledge of the risk in order to be held liable." *Id.*

Smith has failed to establish that he suffered an objectively serious harm that presented a substantial risk to his safety or that Cooke was aware of any substantial risk of serious injury. Smith does not dispute that there was no fire in his cell by the time Cooke approached the cell during his rounds. In addition, Smith does not assert that he told Cooke there was a fire; he only watched to see whether Cooke could smell the "recent smoke." Smith Decl. at 1. The fact that he was unsure whether Cooke could smell the "recent smoke" indicates that there was no longer any smoke, or at most, almost an undetectable amount, when Cooke arrived at the cell. In short, there is no evidence upon which a reasonable jury could conclude that Smith suffered any objective risk of serious harm on June 22, 2018. To the extent Smith asserts that Cooke was deliberately indifferent to his serious medical needs because Cooke ignored Smith's complaints of difficulty breathing and did not send him to the Health Services Unit, the undisputed facts do not support

3

such a claim. More importantly, Smith cannot assert a claim that was not alleged in his complaint for the first time in his response to a motion for summary judgment. *See Anderson v. Donahoe*, 699 F.3d 989, 998 (7th Cir. 2012). Smith alleged that Cooke was deliberately indifferent to his safety by failing to protect him from a fire in his cell on June 22, 2018. Because Smith has produced no evidence that he suffered any objective risk of serious harm, his failure to protect claim is dismissed and summary judgment will be granted in favor of Cooke.

The court will also address Smith's first motion to recruit counsel filed after the motion for summary judgment had been decided and two days before the October 2, 2020 final pretrial. He asserts that, due to a recent COVID-19 outbreak at his institution, he does not have access to the law library and needs a lawyer to help him finish the case. In deciding whether to recruit counsel, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). As an initial matter, Smith has not demonstrated that he made reasonable efforts to secure private counsel on his own. The court must deny "out of hand" a request for counsel made without a showing that a plaintiff made a reasonable attempt to recruit counsel. *See Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993). In any event, based on the record before the court, the court concludes that court-recruited counsel is not warranted. Smith provided no information regarding his general competency, and he revealed an ability to litigate on his own behalf. Although the court concluded that Smith failed to establish that Cooke violated his constitutional rights as explained above, Smith was able to coherently present his claims in this case. Therefore, Smith's motion to recruit counsel is denied.

4

For these reasons, the court **VACATES** its previous decision partially granting Cooke's motion for summary judgment and hereby **GRANTS** said motion in full. Smith's motion to appoint counsel (Dkt. No. 52) is **DENIED**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 14th day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge